# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| THOMAS ETZLE, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | CASE NO. 3:11-00150<br>JUDGE CAMPBELL/KNOWLES |

## REPORT AND RECOMMENDATION

The Court previously set an Initial Case Management Conference in this action for July 12, 2011, at 10:00 a.m. This action is one of five similar actions pending in this Court involving Plaintiffs who aver they were injured through the negligence of personnel at the Veterans Administration Hospital in Nashville. Plaintiff's counsel in the instant action is also counsel for Plaintiffs in the other cases.

Defendant has previously filed a Motion to Dismiss this action based upon Judge Campbell's dismissal of another related action, *Mayo v. United States,* Case No. 3:10-997, on May 6, 2011. Plaintiff's counsel thereafter filed a Motion in the instant action seeking to stay the case pending a possible appeal in *Mayo.*

On the morning of July 12, 2011, Plaintiff's counsel spoke with Courtroom Deputy, Holly Vila. He advised her that no appeal had been filed or would be filed in *Mayo.*[1] He further stated that he did not plan to attend the Initial Case Management Conference, because he thought

---

[1] The deadline for appealing *Mayo* has already passed. Fed. R. App. P. 4(a)(1)(B).

it likely that Judge Campbell would simply dismiss all the related cases for the same reasons he dismissed *Mayo*. Additionally, Plaintiff's counsel stated that the Assistant U.S. Attorney who is handling these cases for Defendant was away on military service.[2]

For the foregoing reasons, the undersigned recommends that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

---

[2] An assistant to the AUSA also spoke with Courtroom Deputy, Holly Vila on the morning of July 12. She advised Ms. Vila that Defendant's counsel was on military service and that he had understood that Plaintiff's counsel would be filing something with the Court prior to the Initial Case Management Conference.